A. GELABERT & CO., LTD., PLAINTIFF AND APPELLANT, *v.* MORALES ET AL., DEFENDANTS AND APPELLEES.

APPEAL from the District Court of Ponce in an Action for Security.

No. 2203.—Decided June 11, 1920.

APPEAL—ATTACHMENT.—An order commanding the execution of a previous order dissolving an attachment is not appealable.

The facts are stated in the opinion.

*Mr. L. Tormes* and *Miss H. Tormes* for the appellant.

*Mr. J. Tous Soto* for the appellees.

MR. JUSTICE ALDREY delivered the opinion of the court.

At the instance of the plaintiffs in this case the District Court of Ponce ordered the attachment of properties of the defendants to secure the effectiveness of such judgment as might be rendered in the case and the attachment was levied on properties of defendant Eladio Burgos. He moved the court to set aside the said order of attachment and his motion was sustained by the court on April 30, 1919, it being ordered also that the attachment be dissolved. On the 5th of May, following, Eladio Burgos moved the court that a writ be issued to the marshal for the execution of the order of April 30 dissolving the attachment. The motion was sustained by the court and from that ruling the plaintiff took the present appeal.

The appellee has not raised the question of whether we

have jurisdiction to consider this appeal; nevertheless we should dispose of this question *motu proprio.*

We are of the opinion that the order from which the present appeal was taken is not appealable because it does not come within any of the cases included in section 295 of the Code of Civil Procedure, inasmuch as it does not dissolve the attachment previously granted, but only directs the execution of the former order of April 30, 1919, which actually set aside the order for the attachment in this case. The order of April 30, 1919, was appealable, for it set aside the order granting the attachment, but it can not be reviewed now in an appeal from an order merely directing its execution. If the course followed by the appellant were approved any final judgment entered in a suit would be reviewable in an appeal taken after judgment from an order for its execution.

For the foregoing reasons the appeal must be

*Dismissed.*

Chief Justice Hernández and Justices del Toro and Hutchison concurred.

Mr. Justice Wolf took no part in the decision of this case.